**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ARMANDO JAIMEZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0264-AT-JFK-7 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-0737-AT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [624] and Respondent's response, as supplemented [626, 656]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

## I. Background

The grand jury for the Northern District of Georgia charged Movant with (1) conspiring to possess with intent to distribute heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), (ii), and (viii) (subject to a ten-year mandatory minimum sentence) and 846 and 18 U.S.C. § 2, and (2) aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(h) and 2. (First

Superseding Indictment, ECF No. 99). Movant pleaded guilty to Count Two for money laundering. (Guilty Plea and Plea Agreement, ECF No. 415-1). By judgment entered on September 19, 2013, the Court imposed a fifty-one month term of imprisonment. (J., ECF No. 521). Movant appealed, and on July 11, 2014, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. (USCA Op., ECF No. 596).

In March 2015, Movant filed the instant § 2255 motion, in which he raises three grounds for relief. (Mot. to Vacate, ECF No. 624).

## II. 28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007). Section 2255 relief "is reserved for transgressions



AO 72A
(Rev.8/82)

of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). One of those rights is the Sixth Amendment right to counsel, which entitles a criminal defendant to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III. Discussion

Movant – represented by Herbert Shafer and later also represented by Thomas C. Rowsey – initially pleaded not guilty, and his criminal case was proceeding to trial, pending resolution of his motion to suppress certain material seized during a search



AO 72A
(Rev.8/82)

of his home. (Minute Entry, ECF No. 165; Mot. to Suppress, ECF No. 268; Order of CJA Appointment, ECF No. 310).[1] On April 11, 2013, during pre-trial discussions, at which Movant was present, the government informed the Court that it had presented Movant with an offer that morning and on the previous day; the Court satisfied itself that the offer had been communicated to Movant; and counsel stated that the offer had been declined. (Pre-Trial Hr'g Tr. at 39, ECF No. 552). On April 15, 2013, the government filed a trial brief that set forth the government's case and evidence. (Trial Br., ECF No. 413). On that same day, pre-trial proceedings continued, and the Court recessed so that Movant and counsel could review the brief and confer and take "whatever time is necessary" in considering whether to plead guilty. (Plea Hr'g Tr. at 6-7, 13; Minute Entry of Apr. 15, 2013, ECF No. 414). The Court directed that extra copies of the government's brief be provided for review by Movant's family members, who were present. (Plea Tr. at 8-9). Additionally, a copy was made for the interpreter so that the interpreter could read the brief to Movant. (Id. at 9).

Thereafter, Movant decided to plead guilty. (Id. at 14). Movant entered into a plea agreement with the government in which he pleaded guilty to Count Two,

---

[1]At the plea hearing, the Court granted the motion to suppress in regard to certain spiral notebooks and otherwise denied the motion. (Plea Hr'g Tr. at 44, ECF No. 419; see also Order of May 21, 2013, at 14, ECF No. 426).



AO 72A
(Rev.8/82)

aiding and abetting money laundering. (Guilty Plea and Plea Agreement). Movant agreed that his maximum term of imprisonment was twenty years and that there was no mandatory minimum term. (Id. at 3). The government agreed to dismiss Count One, not to bring further charges related to the charge to which Movant was pleading guilty, and to recommend a two-level adjustment for acceptance of responsibility. (Id. at 5, 7). Movant agreed to waive his right to appeal and collaterally attack his conviction and sentence with exceptions for: (1) an upward departure from the guidelines range, (2) the sentencing court's finding as to the application of U.S.S.G. § 2S1.1, (3) an adverse decision on his motion to suppress, and (4) the right to cross appeal if the government appealed. (Id. at 13-14). Movant signed the agreement and stated that he voluntarily agreed to its provisions, including the appeal and collateral review waiver. (Id. at 15).

The April 15, 2013, hearing continued as a plea hearing. The Court explained Movant's trial rights that he would be giving up by pleading guilty, and Movant stated that he understood. (Plea Hr'g Tr. at 17-21). The Court explained that Movant would be able to appeal, subject to the limited waiver of appeal, and Movant stated that he understood. (Id. at 22). The government reviewed the charge against Movant, and Movant stated that he understood the charge against him to which he was pleading



AO 72A
(Rev.8/82)

guilty. (Id. at 23-25). The government explained that Movant was subject to a maximum twenty-year prison term and that there was no mandatory minimum, and Movant stated that he understood. (Id. at 30). Before Movant pleaded guilty in open court, the government again reviewed the waiver of appeal and collateral review, and Movant again stated that he understood. (Id. at 50-51). The Court asked Movant if anyone had made him any promises other than those in the plea agreement, and Movant responded, "No, ma'am." (Id. at 51). The Court asked Movant if anyone had threatened, pressured, forced, or intimidated him or anyone close to him in order to obtain the guilty plea, and Movant responded "No, Ma'am." (Id.). The Court inquired whether Movant was satisfied with his counsel and whether he had received enough time to discuss the case and the decision to plead guilty, and Movant confirmed to the Court that he had. (Id. at 52). Movant further confirmed to the Court that there was nothing that he did not understand or that he wished to ask counsel or the Court. (Id.). Movant, under oath, pleaded guilty and stated that he did so voluntarily and of his own free will. (Id. at 56). The Court accepted Movant's guilty plea. (Id. at 56).

The Presentence Investigation Report (PSR) (amended to reflect the Court's ruling at sentencing) states that Movant's adjusted offense level, minus two levels for acceptance of responsibility, was twenty-four and that his guidelines range was fifty-



AO 72A
(Rev.8/82)

one to sixty-three months. (PSR at 20, 28, ECF No. 531). The Court imposed a fifty-one month term of imprisonment, at the lower end of the guidelines range. (J.). Movant appealed the denial of the motion to suppress, to the extent it had been denied, and the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. (USCA Op.).

As stated earlier, Movant now presents three grounds for relief. In Ground One, Movant asserts that his guilty plea was unknowing and involuntary because it was obtained under coercion, because counsel ineffectively misadvised him regarding mandatory minimums and failed to provide accurate information on the charges against Movant, and because the Court failed to provide him with a "well informed plea" or advise him that any of the three conspiratorial objects in the indictment could support his conviction.[2] (Mot. to Vacate at 6). In Ground Two (including seventeen claims), Movant argues that counsel provided ineffective assistance by failing to adequately communicate with Movant in regard to plea negotiations and the decision

---

[2]Movant's passing statements regarding the Court's actions affecting the guilty plea, if construed as claims, are procedurally defaulted and, further, are without merit. The transcript of the guilty plea hearing shows that the Court properly informed Movant of his rights. Movant's assertion that he was not advised that any of the three conspiratorial objects in the indictment could support his conviction is unclear and too obscure to bring into question the validity of his guilty plea or warrant further discussion.



AO 72A
(Rev.8/82)

to plead guilty. (Id., Ground Two). In Ground Three (including twelve claims), Movant argues that counsel provided ineffective assistance by failing to negotiate a different plea agreement. (Id., Ground Three). Movant's claims in Grounds One through Three are repetitive and overlap. The Court consolidates the claims as presented below.

**Timing of Plea Offer**

Ground Two (13). Counsel failed to make Movant aware of initial, desirable plea offers in a timely and reasonable manner and presented the plea offer at the last minute.

Ground Three (1). After assuring Movant that his case was defendable, counsel did not inform Movant regarding a change in strategy (apparently to consider a plea).

Ground One, Ground Three (2 & 8E). The guilty plea was obtained under coercion, and counsel failed to communicate the plea offer in time for Movant adequately to discuss the offer and obtain input from his family and "coerced and pressured Movant[] at the last minute[] to accept the eighty-seven month offer[.]"

**Counsel's Failures to Communicate Induced an Unknowing Plea**

Ground One, Ground Two (1-5, 8-9), Ground Three (1, 3, 4, 11). In regard to assistance on plea decisions, counsel misadvised on the mandatory minimum; failed to properly advise on the evidence and strength of the government case; failed to develop an effective defense strategy; failed to inform Movant on his guidelines range, his sentencing exposure, or that he faced a minimum eighty-seven month sentence; failed to discuss the factors that could result in an upward or downward departure or charges running concurrently; and failed to investigate or discuss pre-trial motions to suppress, in limine, or for a downward departure.



AO 72A
(Rev.8/82)

Ground Two (6, 7, 10-11, 16), Ground Three (5, 6, 12). Movant was induced to plead guilty based on his belief that he could challenge an upward departure and could seek a downward departure, and Movant believed he could allocute and present mitigating evidence at sentencing. Counsel's failures affected Movant's ability to intelligently plead guilty and caused him to enter into a harmful plea agreement that waived all challenges to the guidelines or upward departures, waived the right to seek a downward departure, agreed to an eighty-seven month sentence, abrogated Movant's allocution rights and right to present mitigating evidence at sentencing, and contained an appeal waiver.

**Counsel's Failures to Communicate Hindered a More Favorable Plea**

Ground Two (12, 14, 17), Ground Three (7, 8D, 9). Counsel's failures, including failure to file a pre-plea motion for a downward departure (to educate the prosecutor), hindered plea negotiations and the opportunity to obtain a more favorable plea without the agreement to a fifty-one month sentence and without the crippling waivers.

**Counsel's Ineffective Assistance at Sentencing**

Ground Two (7, 15), Ground Three (8 & 10). Counsel provided ineffective assistance at sentencing.

(Mot. to Vacate at 6 and Grounds Two and Three).

Respondent argues that Movant's assertions are contradicted by the record. (Resp't Resp. at 4 n.4, 9, 11-16, ECF No. 626 ). In his supplemental response, Respondent argues that the plea agreement did not waive Movant's right to seek a downward departure or agree to a eighty-seven month sentence, that Movant's claims are contradicted by the record, and that Movant fails to show prejudice. (Resp't Supp. Resp. at 5, 6 n.6, 10-13, ECF No. 656).



AO 72A
(Rev.8/82)

To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Strickland, 466 U.S. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012), cert. denied, _ U.S. _, 134 S. Ct. 191 (2013). To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218, 1229 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)), cert. denied, _ U.S. _, 2016 WL 100478 (Jan. 11, 2016) (No. 15-6191). "The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea." Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (citation omitted). A movant must show not only serious dereliction in his counsel's advice, id., he must show that it is reasonably probable that, but for counsel's deficient advice, he "would not have pleaded guilty and would have insisted on going to trial." Winthrop-Redin v. United States, 767 F.3d



AO 72A
(Rev.8/82)

1210, 1219 (11th Cir. 2014) (quoting Hill, 474 U.S. at 59) (internal quotation marks omitted). In regard to negotiation of a better plea offer, a movant must show, at a minimum that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (quoting Lafler v. Cooper, _ U.S._, _, 132 S. Ct. 1376, 1385 (2012) (internal quotation marks omitted).

In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

### A. Timing of Plea Offer

Movant asserts that counsel failed to make him aware of initial, desirable plea offers in a timely and reasonable manner;[3] that counsel presented the plea offer at the

[3]The undersigned construes this statement to refer to the government's offers that it referred to during the April 11, 2013, pre-trial discussions. (See Pre-Trial Tr. at 39, ECF No. 552). The government informed the Court that it had presented Movant with an offer that morning and on the previous day, and the Court perceives no delay by counsel in presenting those offers to Movant, which Movant declined. (Id.).



AO 72A
(Rev.8/82)

last minute; and that, after assuring Movant that his case was defendable, counsel did not inform Movant regarding a change in strategy (apparently to consider a plea). (Mot. to Vacate, Ground Two (13), Ground Three (1)). Movant argues that his guilty plea was obtained under coercion and that counsel failed to communicate the plea offer in time for Movant adequately to discuss the offer and obtain input from his family and "coerced and pressured Movant[] at the last minute[] to accept the eighty-seven month offer[.]"[4] (Id. Ground One, Ground Three (2 & 8E)).

Movant's allegations that he was coerced to plead guilty based on time pressure is affirmatively contradicted by the record. The Court allowed Movant additional time to confer with counsel and even made sure that Movant's family had copies of the government's brief, apparently in anticipation that they may participate in the conference. Further, when specifically asked by the Court whether he had received sufficient time to discuss with counsel the plea decision, Movant informed the Court that he had and confirmed that there was no coercion. Movant fails to show coercion and fails to show ineffective assistance of counsel in regard to the timing of the plea offer.

[4]The plea agreement does not contain an offer or agreement on a eighty-seven month sentence. (Guilty Plea and Plea Agreement).



AO 72A
(Rev.8/82)

**B. Counsel's Failures to Communicate Induced an Unknowing Plea**

Movant asserts that, in regard to assistance on plea decisions, counsel misadvised on the mandatory minimum; failed to properly advise on the evidence and strength of the government case; failed to develop an effective defense strategy; failed to inform Movant on his guidelines range, his sentencing exposure, or that he faced a minimum eighty-seven month sentence; failed to discuss the factors that could result in an upward or downward departure or charges running concurrently; and failed to investigate or discuss pre-trial motions to suppress, in limine, or for a downward departure. (Mot. to Vacate, Ground One, Ground Two (1-5, 8-9), Ground Three (1, 3, 4, 11)). Movant contends that he was induced to plead guilty based on his belief that he could challenge an upward departure and could seek a downward departure, and Movant believed that he could allocute and present mitigating evidence at sentencing. (Id., Ground Three (5)). Movant contends that counsel's failures affected his ability to intelligently plead guilty and caused him to enter into a harmful plea agreement that waived all challenges to the guidelines or upward departures, waived the right to seek a downward departure, agreed to an eighty-seven month sentence, abrogated Movant's allocution rights and right to present mitigating evidence at

sentencing, and contained an appeal waiver. (Id., Ground Two (6, 7, 10-11, 16), Ground Three (5, 6, 12)).

Many of Movant's claims fail because they are factually incorrect. The record shows that the count to which Movant pleaded guilty had no mandatory minimum;[5] that Movant was aware of the strength of the government's case and discussed the government's trial brief with counsel before deciding to plead guilty; that Movant was aware that his sentencing exposure was twenty years; that Movant did not face a minimum eighty-seven month sentence; that Movant did not receive a concurrent sentence; that Movant did not waive his ability to seek a downward departure, challenge an upward departure, present mitigating evidence, or allocute at sentencing; and that Movant did not waive his right to appeal an upward departure, guidelines issues on the application of U.S.S.G. § 2S1.1, or the decision on the motion to suppress.

On the remaining matters raised by Movant, he fails to show prejudice. Movant does not show what defense strategy counsel could have developed that would have

[5]The Court does not construe Movant to complain about lack of information on dismissed Count One because the Court perceives no reason why Movant would have wished to disregard the guilty plea and go to trial if he had been properly informed that Count One had a mandatory minimum.



AO 72A
(Rev.8/82)

reasonably changed Movant's decision to plead guilty. Movant does not identify what counsel should have investigated or discussed regarding pre-trial motions that would have reasonably changed Movant's decision to plead guilty. Further, Movant does not show what factors relevant to an upward or downward departure, had he been aware of them, would reasonably have changed Movant's decision to plead guilty. Moreover, Movant does not show that – had he known his guidelines range of fifty-one to sixty-three months – there is a reasonable probability that he would have proceeded to trial. Movant provides no rationale for proceeding to trial on both counts – losing the government's recommendation that he receive an acceptance-of-responsibility adjustment to his guidelines calculations, exposing himself to the same punishment (and possibly more) on Count Two, exposing himself to a mandatory minimum on Count One (not less than ten years), and exposing himself to the possibility of further criminal charges. The undersigned recommends that Movant fails to meet his burden on the above grounds/claims.

### C. Counsel's Failures to Communicate Hindered a More Favorable Plea

Movant also asserts that Counsel's failures, including failure to file a pre-plea motion for a downward departure (to educate the prosecutor), hindered plea negotiations and the opportunity to obtain a more favorable plea – a plea without the



AO 72A
(Rev.8/82)

agreement to a fifty-one month sentence and without crippling waivers, i.e., waiver of the right to challenge an upward departure, seek a downward departure, allocute, and present mitigation at sentencing.[6] (Mot. to Vacate, Ground Two (12, 14, 17), Ground Three (7, 8D, 9)).

This portion of Movant's grounds for relief fails because the plea agreement to which Movant agreed meets the criteria that he sets forth above, and Movant, thus, fails to show that counsel was ineffective. See Osley, 751 F.3d at 1222.

**D. Counsel's Ineffective Assistance at Sentencing**

Movant argues that counsel provided ineffective assistance at sentencing by (1) failing to challenge the guideline calculations, the upward departures, an increase for sophisticated means, and concurrency of the charges and (2) failing to emphasize Movant's good points or obtain witnesses for sentencing and a possible downward departure. (Mot. to Vacate, Ground Two (7, 15), Ground Three (8 & 10)).

Movant entered into a waiver of the right to collateral review. A waiver of the right to review is enforceable when the district court has "specifically questioned the

[6] The Court considered evidence regarding Movant's family and considered his daughter's testimony. (Sentencing Tr. at 14-15, ECF No. 553). Further, Movant was provided with an opportunity to speak, and did speak, before the Court sentenced him. (Id. at 16).



AO 72A
(Rev.8/82)

defendant about the provision during the plea colloquy, or . . . it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014) (quoting United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)) (internal quotation marks omitted). A valid waiver of the right to appeal or collaterally attack a sentence forecloses any claim regarding counsel's effectiveness at sentencing on matters subject to the waiver. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

Based on the Court's questioning of Movant regarding his review waiver and Movant's assurance that he understood the waiver, the undersigned finds that Movant's waiver of his right to collateral review is valid and enforceable. Movant's valid waiver of the right to appeal or collaterally attack his sentence forecloses his claim that counsel was ineffective on any sentencing matter other than an upward departure or the Court's findings as to the application of U.S.S.G. § 2S1.1. Movant's claims – which are factually incorrect – regarding counsel's assistance at sentencing do not come within the exceptions to the collateral review waiver. Counsel *did* challenge the guidelines calculations. (See PSR at 19, 32). There was no upward departure. In fact, the Court sentenced Movant to fifty-one months, at the low end of his guidelines range. (Sentencing Tr. at 20-21; PSR at 28). Movant pleaded guilty to



AO 72A
(Rev.8/82)

one count and there was no concurrent sentence, and, further, the PSR does not show that Movant received an increase based on sophisticated means under U.S.S.G. 2S1.1(b)(3). (PSR at 18-20). Movant raises no sentencing matter that avoids his collateral-review waiver.

## IV. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

Based on the above discussion of Movant's grounds for relief, the undersigned finds no issue that warrants a COA. If the Court adopts this recommendation and

denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [624] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 21st day of January, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE